FILED

2017 Jun-02  PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **GLADYS STRONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CASE NO.:** |
| **LIBERTY MUTUAL INSURANCE CO.** | ) |
| **AND FICTITIOUS DEFENDANTS A** | ) |
| **AND B,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, LM General Insurance Company ("Liberty Mutual"), improperly named in Plaintiff's Amended Complaint as "Liberty Mutual Insurance Co.", and Defendant Liberty Mutual Insurance Company (collectively referred to herein as "Defendants") file this Notice of Removal of this action from the Circuit Court for Madison County, Alabama, wherein it was pending as Case No. 47-CV-2017-900717.00, to the United States District Court for the Northern District of Alabama, Northeastern Division.[1]   In support, Defendants respectfully shows the Court as follows:

**INTRODUCTION**

---

[1] Through the filing of this Notice of Removal, Defendants expressly reserve, and do not waive, any and all claims, defenses or objections they may have—including all defenses set forth in Rule 12(b) of the Federal Rules of Civil Procedure and any relating to Plaintiff's request for punitive damages. *See* FED. R. CIV. P. 81(c)(2); *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses . . . ."). *See also* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1395 (2008) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections.") (citations omitted).

Plaintiff Gladys Strong ("Plaintiff") filed this lawsuit against Defendant Liberty Mutual Insurance Company[2] purportedly seeking benefits under an automobile insurance policy in connection with damages she allegedly sustained as a result of a motor vehicle accident. Plaintiff alleges that on January 2, 2015, she was struck by a vehicle negligently and/or wantonly being operated by Tyler Trotter—who is not named as a defendant—and that she incurred serious and substantial permanent injuries as a result of the accident. Plaintiff seeks to recover, *inter alia*, for past and future medical expenses, travel expenses, pain and suffering, loss of enjoyment of life, lost wages, and the imposition of punitive damages.

This Court has subject matter jurisdiction over the instant case under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiff and Defendants are citizens of different states.  The amount in controversy is easily satisfied, as Plaintiff apparently seeks to recover, *inter alia*, for damages to her vehicle, past and future medical expenses, travel expenses, pain and suffering, loss of enjoyment of life, lost wages, and the imposition of punitive damages. Defendants timely removed this action in accordance with 28 U.S.C. § 1446. Accordingly, jurisdiction in this Court is proper.

## BASIS FOR REMOVAL

1.     On or about April 28, 2017, Plaintiff filed a Complaint—followed shortly thereafter by an Amended Complaint—in the Circuit Court of Madison County, Alabama styled *Gladys Strong v. Liberty Mutual Insurance Co.*, Case No. 47-CV-2017-900717 (the "State Court

---

[2] Liberty Mutual Insurance Company and LM General Insurance Company are separate and distinct legal entities. Plaintiff's Complaint and Amended Complaint incorrectly identify Liberty Mutual Insurance Company (rather than LM General Insurance Company) as the entity that issued the policy of insurance upon which Plaintiff purportedly bases her claims. In an abundance of caution, LM General Insurance Company and Liberty Mutual Insurance Company are jointly filing this Notice of Removal.

Matter"). [3] A true and correct copy of all process, pleadings, and other documents served upon Defendants in said action is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I.      This Removal Is Timely Under 28 U.S.C. § 1446(b).

2.      On May 3, 2017, Defendant Liberty Mutual Insurance Company was served with the Summons, Complaint, and Amended Complaint (hereafter "FAC") via certified mail. (*See* Ex. A, Doc. 8).   Plaintiff's Complaint and FAC are the initial pleadings setting forth the purported claims upon which this action is based. This Notice of Removal is filed within thirty days of May 3, 2017.

## II.      Complete Diversity Of Citizenship Exists.

3.      Upon information and belief, Plaintiff is a resident citizen of the State of Alabama.  (Ex. A, FAC. at ¶ 1).

4.      Defendant Liberty Mutual Insurance Company is organized under the laws of the State of Massachusetts with its principal place of business in Massachusetts. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Liberty Mutual Insurance Company is a citizen of Massachusetts.

5.      Liberty Mutual—incorrectly identified as "Liberty Mutual Insurance Co." in the FAC—is organized under the laws of the State of Illinois with its principal place of business in Massachusetts. (*See* Declaration of Luann Mueller attached hereto as Exhibit B.). Thus, pursuant to 28 U.S.C. § 1332(c) (1), Liberty Mutual is a citizen of both Illinois and Massachusetts.

---

[3] Plaintiff electronically filed her Amended Complaint less than an hour after filing her Complaint. *See* Exhibit A, Docs. 2 (Complaint) & 5 (Amended Complaint). Accordingly, the Amended Complaint is the operative pleading for purposes of this Notice of Removal.

6.      Although the FAC purports to assert allegations directed toward Fictitious Defendants "A" and "B", the citizenship of fictitious defendants must be disregarded for purposes of removal. *See* 28 U.S.C. § 1441 ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

7.      Accordingly, because Plaintiff and Defendants are citizens of different states and the citizenship of fictitious defendants must be disregarded for purposes of removal, complete diversity of citizenship exists pursuant to 38 U.S.C. § 1332(a).

## III.     The Amount in Controversy Exceeds $75,000.

8.      In addition to establishing diversity of citizenship among the parties, the removing party must also prove that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs".  *See* 28 U.S.C. § 1332(a)(1).

9.      Where, as here, the plaintiff's complaint makes an unspecified demand for damages in state court, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Where there are such deficiencies in the complaint, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 754. To ascertain the amount in controversy, the court considers the Notice of Removal and all other evidence presented by a defendant, which can include both documents received from the plaintiff and a defendant's own evidence. *Id*. at 756. The Eleventh Circuit has made clear that:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it

assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal citations omitted).

10.     Defendants deny the allegations of Plaintiff's FAC and expressly deny any liability to Plaintiff. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. § 1332. Here, judicial experience and common sense dictate that the amount in controversy put forth in Plaintiff's Complaint exceeds $75,000.

11.     While Plaintiff's FAC fails to identify a discrete basis of recovery or specific cause of action, Plaintiff appears to seek recovery for uninsured motorists benefits allegedly payable under an automobile insurance policy in effect at the time of a January 2, 2015 motor vehicle accident.[4] A true and correct copy of the "policy of insurance" referenced in the Complaint and relied upon by Plaintiff (the "Policy") is attached hereto as Exhibit 1 to the Declaration of Luann Mueller in Support of Notice of Removal. (*See* Ex. B, Ex. 1).

---

[4] The FAC alleges that (i) on January 2, 2015, "Plaintiff was struck by a vehicle being operated by Tyler Trotter upon a public road-way"; (ii) Tyler Trotter "negligently, carelessly, recklessly and/or wantonly operated his vehicle"; (iii) Plaintiff suffered "serious and substantial personal injuries" as a "direct and/or proximate consequence of the aforesaid negligence and/or wantonness and recklessness of Trotter"; and (iv) "there was a policy of insurance issued by Defendant, Liberty Mutual Insurance Co., which was issued to or provides coverage for Plaintiff and which was in effect at the time of the accident." (FAC at ¶¶ 4-5; 7). As set forth in note 1, *infra*, Defendants, through the filing of this Notice of Removal, do not concede that the FAC sufficiently states a claim upon which relief may be granted, or specifically any claim for uninsured motorists benefits.

04046377.3                                                5

12.     To the extent the FAC purports to assert a claim for uninsured motorists benefits, the Policy provides, *inter alia*, a $25,000 per person limit of liability for Uninsured Motorists ("UM") coverage on each vehicle covered under the Policy.  (*See* Ex. B, Ex. 1).  "When there is more than 1 insured vehicle" under the Policy, the Policy provides a maximum limit of liability for Uninsured Motorists Coverage as follows:

> **a.** The limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to the "your covered auto" an "insured" was "occupying" at the time of the accident **plus the sum of the highest limits of liability** for Uninsured Motorists Coverage stated in the Declaration as applicable to any other of "your covered autos" **up to a maximum of 2 additional limits**; or
>
> **b.** If an "insured" was not "occupying" one of "your covered autos" at the time of the accident, **the sum of the highest limits of liability** for Uninsured Motorists Coverage stated in the Declarations as applicable to any of "your covered autos" **up to a maximum of 3 limits**.

(Ex. B, Ex. 1, Part C Endorsement, Limit of Liability)(emphasis added).[5]  Thus, up to $75,000.00 of stacked, UM coverage is at issue for purposes of Plaintiff's purported claim that her alleged injuries arising out of the June 2, 2015 accident are "covered" under the Policy. *See generally Mayfield v. Progressive Specialty Ins. Co.*, No. 7:12-CV-02898-MHH, 2012 WL 12903690, at *3 (N.D. Ala. Dec. 28, 2012) (finding amount in controversy satisfied where plaintiff's complaint did not make a specified demand for damages, but insurers' combined limits of liability under the uninsured motorists provisions of their respective policies exceeded jurisdictional threshold); *Oliver v. Rodriguez*, No. CIV.A. 2:08-CV-0081-, 2008 WL 928328, at *3–4 (M.D. Ala. Apr. 4, 2008) (same).

13.     Indeed, Plaintiff's counsel made a demand on Liberty Mutual for the "policy limits" prior to filing this lawsuit. A true and correct copy of the 9/14/2016 Demand Letter from

---

[5] (*See also id.*, "Limit of Liability", Section B(2)) (providing maximum limits of liability "[i]f Uninsured Motorists Coverage is payable because liability coverage under any policy other than this policy is excluded")).

Plaintiff's counsel, Gary B. Holder, is attached hereto as Exhibit C. *See, e.g., Jackson v. Am. Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1454 (S.D. Ala 1997) ("By definition, offers to settle a claim by plaintiffs involve their willingness to take less than the amount which they would expect to obtain by a jury verdict in order to secure immediate payment and avoid the inconvenience of litigation.").

14.     Moreover, the nature of Plaintiff's alleged injuries further supports a determination that the $75,000 jurisdictional threshold is satisfied. The FAC alleges "Plaintiff has been prevented from going about her daily pursuits and duties" and has suffered "great physical pain and suffering and mental anguish and will continue to suffer those injuries permanently." (FAC at ¶5). The FAC further alleges "Plaintiff was caused to incur lost wages and medical expenses in the form of drug costs, physician's charges, and hospital bills." (*Id*.). The FAC's "WHEREFORE" clause demands recovery against Liberty Mutual for (i) damages to Plaintiff's automobile; (ii) past and future medical expenses; (iii) past and future travel expenses; (iv) past and future loss of enjoyment of life; (v) past and future pain and suffering (mental and physical); and (vi) lost wages, "together with interest from the date of the injury". (FAC, "WHEREFORE" clause).

15.     Finally, in addition to Plaintiff's purported claim under the Policy—which independently satisfies the Court's jurisdictional threshold—Plaintiff seeks to recover "punitive damages in an amount which adequately reflects the enormity of the Defendants' wrongful acts and which will prevent other similar or wrongful acts". (FAC, "WHEREFORE" clause). *See Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009) ("[I]n determining the jurisdictional amount in controversy in diversity cases, **punitive damages must be considered** . . . unless it is apparent to a legal certainty that such cannot be recovered.")

(emphasis added) (quoting *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).[6]

16.     In light of the foregoing, "judicial experience and common sense" dictate that it is more likely than not that Plaintiff's FAC places more than $75,000 in controversy. *Blackwell*, 620 F. Supp. 2d at 1290.

**IV.     All Other Removal Prerequisites Have Been Satisfied.**

17.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within the required thirty days of the date on which it could first be ascertained that the case was removable. (*See* Ex. A, Doc. 8).

18.     Defendants have sought no similar relief with respect to this matter.

19.     Venue is proper in this district under 28 U.S.C. § 1446(a), because this district and division embrace the place in which the removed action has been pending

20.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21.     A Notice of Filing Notice of Removal, with a copy of the Notice of Removal attached, will be filed with the Court Clerk for the Circuit Court of Madison County.

22.     Written notice of the filing of the Notice of Removal was given to the adverse parties as required by law.

23.     The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama and this cause is removable to the United States District Court for the Northern District of Alabama.

---

[6] As set forth in note 1, *infra*, Defendants do not admit—and expressly reserves the right to challenge—that Plaintiff sufficiently states a claim upon which an award of punitive damages could be based.

24.     If any questions arise with regard to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief, oral argument, and/or conduct jurisdictional discovery in support of its position that this case is removable.

## CONCLUSION

For the reasons set forth above, Defendants request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Respectfully submitted this 2nd day of June, 2017.


*/s/ J. Ethan McDaniel*
Jeffrey M. Grantham (GRA048)
J. Ethan McDaniel (MCD065)
T. Brannon Parker (PAR165)
*Attorneys for Defendant Liberty Mutual Insurance Company and LM General Insurance Company*


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone:  205-254-1000
Fax:  205-254-1999
Jgrantham@maynardcooper.com
Emcdaniel@maynardcooper.com
Brannon.parker@maynardcooper.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via U.S. Mail and electronic mail to the following counsel of record on this 2nd day of June

2017:


Gary B. Holder
Holder Law Firm
P.O. Box 19667
Birmingham, Alabama 35219
Phone: 205-714-7088
Fax: 205-449-9425
Email: holderlaw@charter.net
*Counsel for Plaintiff*




*/s/ J. Ethan McDaniel*
**OF COUNSEL**