UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GLADYS STRONG,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Civil Action Number ) 5:17-cv-00920-AKK |
| **LIBERTY MUTUAL INSURANCE CO., et al.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## **ORDER**

LM General Insurance Company ("Liberty Mutual") and Liberty Mutual Insurance Company (collectively the "Defendants") timely removed this case from the Circuit Court for Madison County, Alabama, asserting that jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Doc. 1 at 1.  Although the Plaintiff, Gladys Strong, has not challenged the removal, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Upon review of Strong's First Amended Complaint and the Notice of Removal, this court has determined that it is without subject matter jurisdiction and this case is due to be **REMANDED** to the Circuit Court for Madison County, Alabama.

The key jurisdictional question presented here is whether the amount in controversy exceeds the $75,000 threshold requirement for diversity jurisdiction. 28 U.S.C. § 1332(b). The removing party "'must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement,'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), and may satisfy its burden by either presenting evidence or relying rely on the pleadings when "removability is apparent from the face of the complaint." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). When conducting this facial analysis, courts "may use their judicial experience and common sense [to] determin[e] whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. However, absent "facts or specific allegations, the amount in controversy c[an] be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible." *Pretka*, 608 F.3d 753–54 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007)).

Turning to the specifics, the Defendants primarily argue that because Strong's Complaint demands recovery on a multiplicity of grounds, and alleges she suffered severe and permanent injury, it is facially apparent that the amount-in-controversy requirement for diversity jurisdiction is satisfied. In light of the fact that "'all doubts about jurisdiction [are] resolved in favor of remand to state

court,'" *City of Vestavia Hills v. General Fidelity Insurance Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *American Tobacco Co.*, 168 F.3d at 411), this argument is unconvincing.  As the Defendants admit, Strong's Complaint lacks both a concrete theory of recovery and a specific cause of action, doc. 1 at 5, and the only information it provides regarding Strong's injuries is that they are "severe" and "permanent."  Doc. 1-1 at 15.  The Complaint is otherwise completely bereft of detail regarding the accident, and the Notice of Remand does nothing to alleviate this problem.  As a result, the court is confronted with the complete absence of factual allegations necessary to realistically assess the compensatory damages available to Strong.  This fact-free context provides no permissible basis to apply "reasonable deduction, . . . inference[], or other . . . extrapolations," and the court is instead left to divine jurisdiction solely via impermissible "conjecture, speculation, or star gazing."  *Pretka*, 608 F.3d at 754.

Next, the Defendants argue that to the extent Strong seeks uninsured motorist coverage, the court can infer the existence of jurisdiction in light of the available insurance limit for that coverage—$75,000.  Doc.1 at 5–6.  Although it is potentially appropriate to consider the policy limits of available insurance when determining whether the amount in controversy meets the jurisdictional threshold, "'the jurisdictional amount . . . is measured by the value of the underlying claim—not the face amount of the policy.'"  *SUA Ins. Co. v. Classic Home Builders, LLC*,

3

751 F. Supp. 2d 1245, 1251 (S.D. Ala. 2010) (quoting *Hartford Ins. Grp. V. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)).  Put differently, there must be some indication that the plaintiff "has placed the policy limits in controversy," before that limit properly becomes a part of the jurisdictional calculus.  *Mayfield v. Progressive Specialty Ins. Co.*, No. 7-12-cv-02898-MHH, 2012 WL 12903690, at *3 (N.D. Ala. Dec. 28, 2012).  Here, however, the Complaint is silent regarding whether Strong seeks a recovery of the entire policy limit, and the Defendants have put forward no evidence suggesting that Strong does, in fact, seek such a recovery.[1]

Finally, the Defendants suggest that the amount-in-controversy requirement is satisfied because Strong has requested punitive damages.  While punitive damages are considered when determining the jurisdictional amount in controversy, *see Blackwell v. Great American Financial Resources, Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009), the removing party must do more than simply cite to a demand for such damages to satisfy its burden.  Critically, the Defendants have made no effort to provide an evidentiary foundation sufficient to enable the court to infer the amount of punitive damages potentially at issue in this case.  *See, e.g.*, *Nolen v. JP Morgan Chase Bank, NA*, No. 2:12-cv-41-WKW, 2012

---

[1] The Defendants point out that Strong's counsel made a demand for the "policy limits" prior to filing this suit.  Doc. 1 at 6.  But, such a demand simply represents a generalized request for information.  It has no bearing on whether Strong intends to place the entirety of the policy limit at issue, even assuming that the facts underlying this case would substantiate such a claim—an assumption that is not readily supported by the Complaint.  Moreover, the mere act of seeking the policy limit of $75,000 does not establish that "the matter in controversy *exceeds* the sum or value of $75,000," as it must pursuant to 28 U.S.C. § 1332(b). (emphasis added)

WL 4378200, at *5 (M.D. Ala. Sept. 25, 2012) (explaining that requests for mental anguish and punitive damages cannot satisfy the removing party's burden without some evidentiary foundation). Moreover, the facts, as pleaded, fail to indicate egregious wrong-doing of the sort capable of triggering a significant punitive damage award. Doc. 1-1 at 14–15. Thus, the claim for punitive damages, standing alone, is of no help to the Defendants.

Given the complete absence of evidence in the record establishing the value of Strong's claims, a determination that this case satisfies the jurisdictional amount in controversy would constitute impermissible speculation. *See Pretka*, 608 F.3d at 753–54; *see also Lowery*, 483 F.3d at 1215. Accordingly, this court finds that the Defendants have failed to establish via a preponderance of the evidence that the jurisdictional amount-in-controversy requirement is met in this case. It is therefore **ORDERED** that this case is **REMANDED** to the Circuit Court of Madison County, pursuant to 28 U.S.C. § 1447. The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** the 29th day of September, 2017.

                                                                  _____
                                                                    **ABDUL K. KALLON**
                                                   UNITED STATES DISTRICT JUDGE